IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Civil Action No. ______________ |
| v. | ) | |
| | ) | **C O M P L A I N T** |
| KELLER PAVING AND LANDSCAPING, INC., | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Jennifer Gerard ("Gerard") who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Keller Paving and Landscaping, Inc. ("Defendant") discriminated against Gerard when it subjected her to harassment based on her sex, female. The EEOC also alleges that Gerard was subjected to working conditions and/or environment that was so intolerable that she was compelled to resign, resulting in her constructive discharge. Defendant's actions were in violation of Section 703(a), 42 U.S.C. §2000e-2(a).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-

5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota.

PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Dakota corporation doing business in the State of North Dakota and the City of Minot. Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jennifer Gerard filed a charge with the EEOC alleging violations of Title VII by Defendant.

7. On November 28, 2016, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Gerard in violation of Title VII by subjecting her to sexual harassment, and constructive discharge.

8. On November 28, 2016, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on February 23, 2017, the EEOC issued Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is a full service heavy civil construction firm that provides services in the areas of asphalt, paving, demolition and excavation. Defendant is located in Minot, North Dakota.

13. Since at least June 2013, Defendant engaged in unlawful employment practices at its facility in Minot, North Dakota, in violation of Section 703(a), 42 U.S.C. §2000e-2(a) by subjecting Gerard to harassment based on her sex, female, and constructive discharge.

14. Gerard worked for Defendant at its Minot, North Dakota, location from June to October 2013 as a truck driver.

15. Gerard was subjected to sexual harassment by several male coworkers. Gerard was subjected to unwelcome sexual and sex-based comments and propositioned for sex.

16. In addition to the sexual comments, the harassment was physical including an incident where a male coworker touched Gerard's shoulder and leg.

17. Gerard complained about the sexual harassment to Defendant's owners, and the site manager on various occasions between June 2013 and October 2013. The harassment continued despite Gerard's complaints.

18. On October 4, 2013, the work environment was so intolerable that Gerard was forced to quit, resulting in a constructive discharge.

19. The effect of the practices complained of in paragraphs 13-18 above, has been to deprive Gerard of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female, and because her employment ended in a constructive discharge.

20. The unlawful employment practices complained of in paragraphs 13-18 above were and are intentional.

21. The unlawful employment practices complained of in paragraphs 13-18 above were done with reckless indifference to the federally protected rights of Gerard.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's sex, female, and from subjecting an employee to intolerable work conditions that result in constructive discharge.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees.

C. Order Defendant to make whole Gerard by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 13-18 above.

D. Order Defendant to make whole Gerard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-18 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant to make whole Gerard by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-18 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Gerard punitive damages for its malicious and reckless conduct, as described in paragraphs 13-18 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
5th Floor
Washington, D.C. 20507

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney

/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 335-4074
Facsimile: (612) 335-4044
tina.burnside@eeoc.gov