# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) ) **CONSENT DECREE** ) **AND ORDER** ) |
| vs. | ) ) |
| Keller Paving and Landscaping, Inc., | ) Case No. 1:17-cv-092 ) |
| Defendant. | ) ) |

Before the Court is motion for the entry of a Consent Decree filed on May 31, 2017. See Docket No. 20. For good cause shown, the motion is **GRANTED.**

Plaintiff Equal Employment Opportunity Commission ("EEOC") initiated by the above-entitled action by complaint alleging Keller Paving and Landscaping, Inc. ("Keller") discriminated against Jennifer Gerard when it subjected her to harassment based on her sex, female, and Keller subjected her to working conditions and/or environment that was so intolerable she was compelled to resign, resulting in her constructive discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 703(a), 42 U.S.C. § 2000e-2(a).

In reaching this Consent Decree, the EEOC and the Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained sufficient information to assess the relative merits of the claims and defenses. Throughout this process, the EEOC and Keller were represented by counsel knowledgeable in this area of the law.

**THEREFORE**, upon the consent of the parties, and upon review by the Court of these terms, it is **ORDERED**, **ADJUDGED**, and **DECREED** that the following terms are approved as set forth herein:

**I.    JURISDICTION**

    A.    This Court has jurisdiction over the parties and the subject matter of this action.

    B.    This Court shall retain jurisdiction of this action during the duration of this Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforcing compliance with the terms provided herein.

**II.    FINDINGS**

    A.    The purposes of Title VII and the public interest will be furthered by the entry of this Decree.

    B.    The terms of this Decree constitute a fair and equitable settlement of this action.

**III.    SCOPE**

The EEOC agrees that it will not bring any further claim against the Defendant based on the charge of discrimination filed by Jennifer Gerard underlying this lawsuit. This Consent Decree fully and finally resolves any and all issues and claims arising out of the Charge of Discrimination filed by Jennifer Gerard and the Complaint filed by the EEOC in this action . By entering into this Decree the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the Complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

**IV.    DEFINITIONS**

As used herein, "Keller Paving and Landscaping, Inc." or "Keller" shall mean Defendant's business located in Minot, ND.

**V.     TERM**

The Term of this Decree and all obligations hereunder shall be two (2) years from the Effective Date hereof. The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

**VI.    INJUNCTION**

Keller and its officers, agents, management (including supervisory employees), successors, assigns and all persons acting in concert with it shall not engage in any form of sexual harassment made unlawful under Title VII.

Keller shall not engage in retaliation against any person because such person has opposed any practice made unlawful under Title VII, made a complaint of discrimination, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

**VII.   EMPLOYMENT REFERENCE**

In the event Keller is contacted by a potential employer of Jennifer Gerard, Keller will provide a neutral employment reference for Jennifer Gerard stating only dates of employment, her position, and her starting and ending wage. Keller will not discuss this lawsuit or Ms. Gerard's complaint against Defendant with potential employer(s).

**VIII.  POLICIES AND TRAINING**

A.      Within sixty (60) days after the Effective Date hereof, Defendant will review its workplace policies relating to sexual harassment, and revise any policies inconsistent with Title VII.

B.      Within sixty (60) days after the Effective Date hereof, Defendant will revise its policies in its Employee Handbook & Policy Manual to explicitly outline its complaint procedure

regarding the process by which employees should complain about sexual harassment. The policy should also include name(s), job title(s) and telephone number(s) of persons who are responsible for receiving and investigating sexual harassment complaints. The revised complaint procedure policy shall be distributed to all employees within thirty (30) days after such revisions are made.

      C.      On an annual basis for the term of this Consent Decree, Defendant will train all of its management personnel on Title VII's provisions prohibiting sexual harassment. The training may also include information about other laws prohibiting discrimination and harassment in the workplace and about Defendant's equal employment opportunity policies. The training must be provided by a live, in-person trainer for the first training. Subsequent trainings can be provided by video. An agenda for the training, training materials, and resumes relating to the presenters will be provided to the EEOC at least 30 days before each training session. The EEOC will have the opportunity to comment on the agenda and suggest changes to the presenters, the agenda and the materials until a week before each training. The first annual training shall total no less than one hour. Each subsequent training shall total no less than one hour, which may be presented in a one hour session, or as two thirty-minute training sessions. The EEOC shall be notified of the time and date of each scheduled training.

      D.      On an annual basis for the term of this Consent Decree, Defendant will train all of its non-management employees on their rights as employees to be free from discrimination and harassment under Title VII. Such training shall include Defendant's equal employment opportunity policies and the process for making complaints about discrimination or harassment internally and advise them of their right to file charges of discrimination with the EEOC or other fair employment practices agencies. An agenda for the training, training materials, and resumes relating to the presenters, will be provided to the EEOC at least 30 days before each training

session.  The EEOC will have the opportunity to comment on the agenda and suggest changes to the presenters, the agenda and the materials until 15 days before each training.  Defendant may use a computer module, video or other non-live training curriculum to complete its training for non-management employees.  Defendant may choose to train non-management employees during the training for management employees, so long as the trainer explains how the obligations of management employees to respond to complaints of discrimination differ from those of non-management employees.

      E.    At the beginning of each training session held under this Decree, Defendant's owner or EEO Officer will introduce the trainer and affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously.

## IX.   POSTING TO EMPLOYEES

      A.    Defendant will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities.

      B.    Defendant will post the Notice attached as Exhibit A to Docket No. 20 ("Exhibit A") at its facility in Minot, ND.  Exhibit A will be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree. Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## X.   RECORDKEEPING AND REPORTING

      A.    Defendant will comply with all recordkeeping obligations under the laws prohibiting discrimination as outlined in 29 C.F.R. §1602. Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under Title VII.

B.   On an annual basis during the term of this Decree, Defendant shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies, revised any policies inconsistent with Title VII, and it has conducted the training of its personnel as required by this Decree.  After the first report to the EEOC, Defendant's subsequent annual reports shall document any further revisions or changes to its workplace policies and describe how such revisions are consistent with Title VII.

C.   During the term of this Consent Decree, Defendant shall report to the EEOC all complaints of sexual harassment within 60 days after receiving any such complaint.  The reports will include the following information: (1) the date of the complaint; (2) the name of the complaining party; (3) the name and job title of the person who received the complaint; (4) a detailed description of the facts of the complaint; and (5) a description of what action, if any, Defendant took in response to the complaint. Upon the EEOC's request, Defendant shall make the underlying documents or records available to the EEOC within ten days of request.

## XI.   MONETARY REMEDY

A.   The Defendant agrees to pay $59,000.00 to Jennifer Gerard in resolution of this matter within thirty (30) days after the Effective Date hereof.

B.   Gerard's execution of a release, attached as Exhibit B to Docket No. 20, will be a condition precedent of her receipt of relief under this Decree.

C.   Defendant will provide Gerard with appropriate income tax documentation. For purposes of this settlement, Defendant will provide Gerard a W-2 income tax form reflecting the payment of $9,000.00 for Gerard's back pay losses. Defendant will make all appropriate withholdings and employer tax contributions applicable to the back pay amount. Defendant will

provide Gerard with a 1099 tax form reflecting the payment of $50,000.00 for Gerard's compensatory damages.

D.    The Defendant will provide the EEOC with a copy of the checks and any related correspondence provided to Gerard.

## XII.   NOTIFICATION OF SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Keller.  Defendant and any successors of it shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## XIII.   DISPUTE RESOLUTION

The EEOC will give Defendant ten (10) business days notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief.  The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## XIV.   COMPLIANCE REVIEW

The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least five (5) business days in advance of any inspection of Defendant's documents or premises.

Upon such notice, Defendant will allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## XV.   **COSTS AND ATTORNEYS FEES**

The EEOC and Defendant shall each bear their own costs and attorney's fees.

## XVI.   **COURT APPROVAL**

The Court approves of this Consent Decree, reserving jurisdiction only as necessary to enforce this Consent Decree.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2018.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court